IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATIE FONDREN CARSON, as Administratrix
of the Estate of Brian Christopher Ray, AND
on Behalf of the Wrongful Death Beneficiaries of Brian Christopher Ray,
AND as Mother and Next Friend of B.Z.R., a Minor                     PLAINTIFFS

VERSUS                                              NO. 3:23-cv-3063-HTW-LGI

RANKIN COUNTY, MISSISSIPPI, AND
BRYAN BAILEY, AMANDA THOMPSON,
JOSHUA BRIDGES, MASON BLACK,
JOHNATHAN FRANKLIN, TOMMY
HILDESHEIM, AND PATRICK THORNTON,
In Their Individual Capacities                                          DEFENDANTS

JURY TRIAL DEMANDED

COMPLAINT

This is a civil action to recover actual, compensatory and punitive damages, as to the individual capacity defendants, for the Defendants' violation of the Plaintiff's Fourteenth Amendment right as a detainee to adequate medical care and protection from self harm. The following averments support this civil action:

PARTIES

1. The Plaintiff, Katie Fondren Carson, as Administratrix of the Estate of Brian Christopher Ray, administers an estate established in Rankin County, Mississippi, on behalf of the decedent, Brian Christopher "Chris" Ray.

2. The Plaintiff, Katie Fondren Carson, on behalf of the wrongful death

beneficiaries of Brian Christopher Ray, is an adult resident citizen of Rankin County, Mississippi.

3. The Plaintiff, Katie Fondren Carson, as Mother and Next Friend of B.Z.R., a Minor, is an adult resident citizen of Rankin County, Mississippi.

4. The Defendant, Rankin County, Mississippi, is a political subdivision of the State of Mississippi. The Defendant Rankin County, Mississippi may be served with process by service upon its Chancery Clerk, Hon. Larry Swales, 211 East Government Street, Brandon Mississippi 39042.

5. The Defendant, Bryan Bailey, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, he was employed as the Sheriff of Rankin County. He may be served with process by service of a Complaint and Summons upon him at 221 North Timber Street, Brandon, Mississippi 39042.

6. The Defendant, Amanda Thompson, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, she was employed as a Lieutenant at the Rankin County Detention Center ("RCDC"). She may be served with process by service of a Complaint and Summons upon her at 221 North Timber Street, Brandon, Mississippi 39042.

7. The Defendant, Joshua Bridges, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, he was employed as a Sergeant shift supervisor at the RCDC. He may be served with process by service of a Complaint and Summons upon him at 221 North Timber Street, Brandon, Mississippi 39042.

8. The Defendant, Mason Black, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint he was employed as a detention officer at the RCDC. He may be served with process by service of a Complaint and Summons upon him at 221 North Timber Street, Brandon, Mississippi 39042.

9. The Defendant, Johnathan Franklin, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, he was employed as a detention officer at the RCDC. He may be served with process by service of a Complaint and Summons upon him at 221 North Timber Street, Brandon, Mississippi 39042.

10. The Defendant, Tommy Hildesheim, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, he was employed as a detention officer at the RCDC. He may be served with process by service of a Complaint and Summons upon

him at 221 North Timber Street, Brandon, Mississippi 39042.

11. The Defendant, Patrick Thornton, is upon information and belief, an adult resident citizen of Rankin County, Mississippi. At the time of the events and occurrences related in this Complaint, he was employed as a detention officer at the RCDC. He may be served with process by service of a Complaint and Summons upon him at 221 North Timber Street, Brandon, Mississippi 39042.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights).

13. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, since the Defendants reside in this judicial district, and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## CAUSE OF ACTION

14. On, or about, October 31, 2020, Chris was surrendered by his bail bonding company to the RCDC.

15. At the time of his surrender, Chris had an outstanding bench warrant for his arrest for failure to appear in Circuit Court on a felony possession of controlled substance charge.

16. At the time of his surrender, Chris was a pretrial detainee awaiting the

disposition of his charge in the Circuit Court of Rankin County.

17. Chris was bedeviled by substance abuse and addiction the better part of his adult life.

18. Due to the COVID-19 pandemic, at the time of his surrender to the RCDC, Chris was placed in segregation in Pod 221, Cell 256.

19. On, or about, November 5, 2020, Chris was moved from COVID-19 segregation to medical segregation and placed on medical watch due to diagnosed complications from drug withdrawal.

20. During his medical watch, Chris was moved to an observation cell, Pod 214, Cell 139.

21. The cell Chris was placed into for medical watch was monitored by a camera which provided a live feed to the control tower and allowed detention officers to monitor his cell in real time.

22. During his medical watch Chris was described by medical personnel and detention officers as anxious and depressed.

23. On November 8, 2020, Chris attempted to commit suicide by tying off a t-shirt or other cloth object to a shower head or other tie-off point in the shower.

24. This first suicide attempt proved unsuccessful because the shower head or other tie-off point failed to support Chris' body weight.

25. This failed suicide attempt was observed by some or all of the individual defendants, and was discussed amongst all of the individual defendants at or around the time of the failed suicide attempt.

26. According to the Defendant Thompson, the individual defendants refused and failed to take any remedial measures to reduce or eliminate Chris' known serious risk of harm from suicide because they thought he was a "pussy" and would not attempt to kill himself again.

27. Despite observing and/or discussing Chris' failed suicide attempt, the individual defendants failed to notify medical personnel or other jail officials of the failed suicide attempt; failed to seek emergency medical care for Chris after the failed suicide attempt; failed to report and document the failed suicide attempt; failed to place Chris on suicide watch; and failed to remove objects from his cell with which he could make more attempts at suicide.

28. The individual defendants agreed and acted in concert to deprive Chris of adequate or any medical attention or measures to prevent self harm, or to report his failed suicide attempt to medical personnel or other jail officials.

29. The individual defendants' individual and collective failures to take any measures to reduce or eliminate Chris' known risk of serious harm from suicide contravened written Rankin County policies designed to reduce or eliminate the risk of

harm from detainee and inmate suicide attempts.

30. The individual defendants' blatant disregard for written Rankin County policy occurred due to a law enforcement culture within the RCDC of ignoring known health risks to detainees and inmates so pervasive as to constitute a practice, custom, and usage of the Defendant Rankin County.

31. This informal policy, practice, custom, and usage of the Defendant Rankin County constituted an objectively unreasonable condition of confinement and manifested deliberate indifference to the medical needs and health of Chris and other arrestees, detainees, and inmates at the RCDC.

32. In the midst of a mental health crisis, after his first failed suicide attempt, at approximately 6:10 p.m., Chris began surveying his cell to find somewhere to as a tie-off point with which to hang himself.

33. By approximately 6:16 p.m., Chris found a tie-off point by running a t-shirt through holes in the wall of the cell.

34. After finding a tie-off point which would hold his body weight, Chris hanged himself with his t-shirt.

35. Chris accomplished this act of suicide in an observation cell under 24/7 video surveillance with a detention officer, the Defendant Black, monitoring the cameras in the tower.

36. The individual defendants failed to intervene in any way to stop Chris from self-harm despite knowing about his previous failed suicide attempt and despite ongoing live surveillance of his cell.

37. Chris remained hanging in his cell for approximately forty-four minutes without any intervention by the individual defendants.

38. At approximately 7:00 p.m., the Defendant Black, the tower officer, notified the Defendant Bridges by telephone that he saw Chris hanging in his cell.

39. The Defendant Black then called for medical assistance from within the RCDC.

40. The Defendant Bridges, the shift supervisor, went to Chris' cell and attempted to get Chris down but was unable to do so alone.

41. The Defendant Thornton entered Chris' cell and used his pocket knife to cut the t-shirt and with the Defendant Bridges' help got Chris down to the floor of his cell.

42. Detention officers, including Defendant Bridges, Defendant Franklin, Defendant Hildesheim, and Defendant Thornton, and RCDC medical personnel began cardio pulmonary resuscitation on Chris.

43. Emergency medical personnel received a call from the RCDC to respond to a hanging at approximately 7:09 p.m.

44. Upon the arrival of emergency medical personnel found, they found Chris

without a pulse or respirations.

45. Chris was transported from the RCDC to a hospital accompanied by the Defendant Franklin.

46. The individual defendants, in furtherance of their conspiracy to deprive Chris of his civil right to adequate medical attention and protection from self harm, provided false and misleading information to emergency medical personnel and family members.

47. The individual defendants' reports of the incident failed to acknowledge that they had observed or been informed of Chris' earlier attempt to commit suicide, and that they failed to take any action to abate his risk of self harm based on that knowledge.

48. The individual defendants' falsely claimed that Chris was checked on approximately thirty minutes before he was found hanging in his cell and was "alert."

49. After admission to the hospital, Chris regained a pulse but was diagnosed with severe neurologic damage.

50. The following morning November 9, 2020, Chris' mother was notified of his suicide attempt and medical condition.

51. That day, the Defendant Bailey falsely stated to Chris' mother, in front of the hospital and in the presence of two witnesses and a "commander," that Chris tried to

kill himself after midnight on November 9, 2020.

52. This deliberate falsehood was communicated by the Defendant Bailey to Chris' mother in an effort to deflect suspicion of any misconduct on the part of his detention officers.

53. The Defendant Bailey, acting in concert with the individual defendants, conspired to deprive Chris of his civil right to adequate medical attention and protection from self harm, with knowledge of the fact that Chris made a prior suicide attempt; with knowledge that the individual defendants provided false reports to Rankin County and medical personnel; with knowledge that the individual defendants failed to take any action to seek or provide adequate medical attention for Chris; with knowledge that the individual defendants failed to take any action to protect Chris from self harm; and with knowledge the individual defendants failed to document the prior suicide attempt or notify other RCDC personnel.

54. At all times relevant to this civil action, the Defendant Bailey was a final policymaking official for the Defendant Rankin County, for all matters pertaining to law enforcement and the RCDC, including policies and procedures at the RCDC, and for the healthcare of arrestees, detainees, and inmates kept at the RCDC.

55. The act of the Defendant Bailey, in misleading Chris' mother in an effort to protect the individual defendants from the consequences of their unconstitutional acts

and omissions towards Chris, and in conspiring with the individual defendants constituted official policy of the Defendant Rankin County.

56. Severely brain damaged and unable to support his life without extreme medical intervention, Chris succumbed to his suicide attempt and died on November 10, 2020.

57. The Defendant Rankin County implemented and had in place a policy, practice, custom, or usage of failing to provide constitutionally adequate training to its jail staff in the recognition and proper handling of serious medical conditions and medical distress, including suicidal ideation, of arrestees, detainees, and inmates at the RCDC.

58. This policy, practice, custom, and usage of the Rankin County constituted an objectively unreasonable condition of confinement and manifested deliberate indifference to the medical needs and health of Chris and other arrestees, detainees, and inmates.

59. The Defendant Rankin County implemented and had in place a policy, practice, custom, or usage of providing substandard and inadequate medical care to arrestees, detainees, and inmates with serious medical conditions and medical distress, including suicidal ideation, at the RCDC.

60. This policy, practice, custom, and usage of the Defendant Rankin County

constituted an objectively unreasonable condition of confinement and manifested deliberate indifference to the medical needs and health of Chris and other arrestees, detainees, and inmates at the RCDC.

61. The Defendant Rankin County implemented and had in place a policy, practice, custom, or usage of failing to refer or transfer arrestees, detainees, and inmates at the RCDC with a serious medical condition or medical distress. including suicidal ideation, to medical facilities in order to provide appropriate and adequate medical care and treatment to arrestees, detainees, or inmates with a serious medical condition or medical distress, including suicidal ideation.

62. This policy, practice, custom, and usage of the Defendant Rankin County constituted an objectively unreasonable condition of confinement and manifested deliberate indifference to the medical needs and health of Chris and other arrestees, detainees, and inmates at the RCDC.

63. At all times relevant to this civil action the individual defendants acted under color of law.

64. At all times relevant to this civil action the individual defendants acted with reckless disregard for Chris' federally protected rights.

65. At all times relevant to this civil action the unconstitutional conditions of confinement to which Chris was subjected by the Defendant Rankin County were

objectively unreasonable and manifested deliberate indifference to Chris' safety, health, and life.

66. At all times relevant to this civil action the unconstitutional policies, practices, customs, or usages to which Chris was subjected by the Defendant Rankin County were objectively unreasonable and manifested deliberate indifference to Chris' known serious medical condition.

67. The Defendant Rankin County and the Defendant Bailey maintained a policy, practice, custom or usage which authorized, and/or mandated, and/or condoned, and/or ratified the denial of adequate medical care to arrestees, detainees, and inmates.

68. The aforementioned unconstitutional acts and omissions of the Defendant Rankin County manifested deliberate indifference to Chris' constitutional right to adequate medical care and protection from self harm.

69. As a direct and proximate result of the unconstitutional acts and omissions of the Defendant Rankin County and the individual defendants, these defendants violated Chris' clearly established constitutional rights guaranteed by the Due Process Clause of the Fourteenth Amendment to adequate medical care and protection from self harm, and resulted in great suffering and agony on Chris' part and his preventable and untimely death.

70. The individual defendants were subjectively aware of a substantial risk of serious harm to Chris but through their unconstitutional acts and omissions and conspiracy to violate his constitutional rights manifested deliberate indifference towards Chris.

PRAYER

71. Plaintiffs pray for the following damages in an amount to be determined by the trier fact and for other relief as follows:

   a. Damages for Chris' future loss of income, medical expenses, and funeral expenses;

   b. Damages for Chris' physical pain and suffering;

   c. Damages for the loss of enjoyment of life which Chris suffered and the suffering occasioned by his recognition of impending death;

   d. compensatory damages for emotional distress, suffering, and mental anguish which Chris suffered;

   e. compensatory damages to Chris' wrongful death beneficiary for the loss of affection and companionship of their father;

   f. punitive damages against the individual defendants;

   g. reasonable attorney's fees; and

   h. reasonable costs and expenses.

Respectfully submitted, this the 7th day of November, 2023.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259
CHARLES R. MULLINS
MS BAR NO.9821
COURTNEY SANDERS
MS BAR NO. 106444

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / E-mail

Coxwell & Mullins, PLLC
500 North State Street
Jackson, Mississippi 39201
601.948.1600 / Telephone
601.948.7097 / Facsimile
chuckm@coxwelllaw.com

Attorneys for Plaintiffs