IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KATIE FONDREN CARSON, as Administratrix**  **PLAINTIFFSS**
**of the Estate of Brian Christopher Ray, AND**
**on Behalf of the Wrongful Death Beneficiaries of**
**Brian Christopher Ray, AND as Mother and Next Friend**
**of B.Z.R., a Minor**

**v.**  **CAUSE NO. 3:23cv3063-HTW-LGI**

**RANKIN COUNTY, MISSISSIPPI, AND**
**BRYAN BAILEY, AMANDA THOMPSON,**
**JOSHUA BRIDGES, MASON BLACK,**
**JOHNATHAN FRANKLIN, TOMMY**
**HILDESHEIM, AND PATRICK THORNTON,**
**In Their Individual Capacities**  **DEFENDANTS**
_____

**ANSWER AND DEFENSES OF DEFENDANTS**
_____

**NOW COME** Defendants, Rankin County, Mississippi and Bryan Bailey, Amanda Thompson, Joshua Bridges, Mason Black, Johnathan Franklin, Tommy Hildesheim, and Patrick Thornton, in their individual capacities, by and through their undersigned counsel of record, and submit this, their Answer and Defenses in the above styled and numbered cause, in response to the [1] Complaint filed herein against them, as follows:

**FIRST DEFENSE**

Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

**SECOND DEFENSE**

Defendants affirmatively assert and invoke all substantive and procedural defenses available unto them for which a good faith legal and/or factual basis exists or may exist in

their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq.*, specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to Plaintiffs' state law claims, if any. To the extent that Plaintiffs' [1] Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against these Defendants, they move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

## THIRD DEFENSE

Defendants possess sovereign, absolute, and/or qualified immunity herein from suit and/or liability and/or damages.

## FOURTH DEFENSE

The [1] Complaint fails to state a claim upon which relief can be granted as to some or all of the Defendants.

## FIFTH DEFENSE

Defendants did not breach any duty owed to Plaintiffs and/or Brian Christopher Ray ("Ray"), nor did they violate any right or privilege of Plaintiffs and/or Ray, and are, therefore, not liable in damages.

## SIXTH DEFENSE

Plaintiffs are not entitled to any relief from Defendants as a matter of law.

## SEVENTH DEFENSE

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and they are not guilty of

tortious conduct or omission. The actions taken by Defendants were taken in good faith and in good faith reliance upon then existing law.

### EIGHTH DEFENSE

The matters set forth in Plaintiffs' [1] Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

### NINTH DEFENSE

Defendants committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiffs and/or Ray and Defendants are, therefore, not liable in damages.

### TENTH DEFENSE

Defendants specifically plead that if the allegations of the [1] Complaint are true in any respect, which is denied, Plaintiffs and/or Ray may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain. To the extent events that form the subject matter of the [1] Complaint and Plaintiffs' alleged damages, if any, were caused by the actions or omissions of Plaintiffs and/or Ray, any recovery by Plaintiffs, if any, must be reduced accordingly under principles of comparative fault.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### TWELFTH DEFENSE

Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces, or entities for whom / which Defendants are neither liable nor responsible, such being

efficient, intervening, superseding causes, breaking any alleged causative link to Defendants.

**THIRTEENTH DEFENSE**

**NOW COME** Rankin County and Bryan Bailey, Amanda Thompson, Joshua Bridges, Mason Black, Johnathan Franklin, Tommy Hildesheim, and Patrick Thornton, in their individual capacities, by and through counsel, and state that unless specifically admitted herein, they deny all allegations of the [1] Complaint.

For answers to the allegations of the [1] Complaint, Defendants state:

PARTIES

1. In response to ¶ 1 of Plaintiffs' [1] Complaint, Defendants admit that an estate has been opened for Ray in the Chancery Court of Rankin County. Except where otherwise specifically admitted herein, the allegations in ¶ 1 of the [1] Complaint are denied.

2. Defendants are without specific information or belief to admit or deny the allegations in ¶ 2 of Plaintiffs' [1] Complaint, and accordingly deny same.

3. Defendants are without specific information or belief to admit or deny the allegations in ¶ 3 of Plaintiffs' [1] Complaint, and accordingly deny same.

4. The allegations in ¶ 4 of Plaintiffs' [1] Complaint are admitted.

5. In response to ¶ 5 of Plaintiffs' [1] Complaint, Defendants admit that Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi, is an adult resident citizen of Rankin County, and that he may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 5 of the [1] Complaint are denied.

6. In response to ¶ 6 of Plaintiffs' [1] Complaint, Defendants admit that Amanda Thompson was an employee of Rankin County, Mississippi in or around November of 2020 and that she may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 6 of the [1] Complaint are denied.

7. In response to ¶ 7 of Plaintiffs' [1] Complaint, Defendants admit that Joshua Bridges was an employee of Rankin County, Mississippi in or around November of 2020 and that he may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 7 of the [1] Complaint are denied.

8. In response to ¶ 8 of Plaintiffs' [1] Complaint, Defendants admit that Mason Black was an employee of Rankin County, Mississippi in or around November of 2020 and that he may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 8 of the [1] Complaint are denied.

9. In response to ¶ 9 of Plaintiffs' [1] Complaint, Defendants admit that Johnathan Franklin was an employee of Rankin County, Mississippi in or around November of 2020 and that he may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 9 of the [1] Complaint are denied.

10. In response to ¶ 10 of Plaintiffs' [1] Complaint, Defendants admit that Tommy Hildesheim was an employee of Rankin County, Mississippi in or around November of 2020 and that he may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 10 of the [1] Complaint are denied.

11. In response to ¶ 11 of Plaintiffs' [1] Complaint, Defendants admit that Patrick Thornton was an employee of Rankin County, Mississippi in or around November of 2020 and that he may be served with process as provided for by law. Except where otherwise specifically admitted herein, the allegations in ¶ 11 of the [1] Complaint are denied.

## JURISDICTION AND VENUE

12. In response to ¶ 12 of Plaintiffs' [1] Complaint, Defendants admit that federal question jurisdiction exists herein. Except where otherwise specifically admitted herein, the allegations in ¶ 12 of the [1] Complaint are denied.

13. In response to ¶ 13 of Plaintiffs' [1] Complaint, Defendants admit that venue is proper with this Court. Except where otherwise specifically admitted herein, the allegations in ¶ 13 of the [1] Complaint are denied.

## CAUSE OF ACTION

14. The allegations in ¶ 14 of Plaintiffs' [1] Complaint are admitted upon information and belief.

15. The allegations in ¶ 15 of Plaintiffs' [1] Complaint are admitted upon information and belief.

16. The allegations in ¶ 16 of Plaintiffs' [1] Complaint are admitted upon information and belief.

17. Defendants are without specific information or belief to admit or deny the allegations in ¶ 17 of Plaintiffs' [1] Complaint, and accordingly deny same.

18. In response to ¶ 18 of Plaintiffs' [1] Complaint, Defendants admit that Ray was placed in 221-256 on or around October 31, 2020, for Covid quarantine. Except where

otherwise specifically admitted herein, the allegations in ¶ 18 of the [1] Complaint are denied.

19. In response to ¶ 19 of Plaintiffs' [1] Complaint, Defendants admit that Ray was placed on a medical watch and moved to 214-139 on or around November 5, 2020 for detoxing. Except where otherwise specifically admitted herein, the allegations in ¶ 19 of the [1] Complaint are denied.

20. The allegations in ¶ 20 of the [1] Complaint are admitted.

21. In response to ¶ 21 of Plaintiffs' [1] Complaint, Defendants admit that 214-139 had live video capabilities. Except where otherwise specifically admitted herein, the allegations in ¶ 21 of the [1] Complaint are denied.

22. In response to ¶ 22 of Plaintiffs' [1] Complaint, Defendants admit that on November 5, 2020, Ray was described in a behavioral health contact note as "Anxious (Individual is crying and remorseful)" and "Depressed (Individual is crying and remorseful)." Except where otherwise specifically admitted herein, the allegations in ¶ 22 of the [1] Complaint are denied.

23. Defendants are without specific information or belief to admit or deny the allegations in ¶ 23 of Plaintiffs' [1] Complaint, and accordingly deny same.

24. Defendants are without specific information or belief to admit or deny the allegations in ¶ 24 of Plaintiffs' [1] Complaint, and accordingly deny same.

25. The allegations in ¶ 25 of Plaintiffs' Complaint are denied.

26. The allegations in ¶ 26 of Plaintiffs' Complaint are denied. Defendant Thompson specifically denies having any personal, first-hand knowledge of what

transpired at the Rankin County ADC on November 8, 2020, as she was not present at the facility on that day.

27. The allegations in ¶ 27 of Plaintiffs' Complaint are denied.

28. The allegations in ¶ 28 of Plaintiffs' Complaint are denied.

29. In response to ¶ 29 of Plaintiffs' [1] Complaint, Defendants admit that Rankin County ADC had proper policies and procedures in place designed to reduce or eliminate the risk of inmate / detainee suicide attempts. Except where otherwise specifically admitted herein, the allegations in ¶ 29 of the [1] Complaint are denied.

30. The allegations in ¶ 30 of Plaintiffs' Complaint are denied.

31. The allegations in ¶ 31 of Plaintiffs' Complaint are denied.

32. In response to ¶ 32 of Plaintiffs' [1] Complaint, Defendants admit that the video of the incident depicts Ray's actions on or around November 8, 2020. Except where otherwise specifically admitted herein, the allegations in ¶ 32 of the [1] Complaint are denied. Defendants specifically deny any knowledge of Ray's actions at all times alleged in this paragraph.

33. In response to ¶ 33 of Plaintiffs' [1] Complaint, Defendants admit that the video of the incident depicts Ray's actions on or around November 8, 2020. Except where otherwise specifically admitted herein, the allegations in ¶ 33 of the [1] Complaint are denied. Defendants specifically deny any knowledge of Ray's actions at all times alleged in this paragraph.

34. In response to ¶ 34 of Plaintiffs' [1] Complaint, Defendants admit that the video of the incident depicts Ray's actions on or around November 8, 2020. Except where otherwise specifically admitted herein, the allegations in ¶ 34 of the [1] Complaint are

denied. Defendants specifically deny any knowledge of Ray's actions at all times alleged in this paragraph.

35. The allegations in ¶ 35 of Plaintiffs' Complaint are denied.

36. The allegations in ¶ 36 of Plaintiffs' Complaint are denied.

37. In response to ¶ 37 of Plaintiffs' [1] Complaint, Defendants admit that the video of the incident depicts Ray's actions on or around November 8, 2020. Except where otherwise specifically admitted herein, the allegations in ¶ 37 of the [1] Complaint are denied. Defendants specifically deny any knowledge of Ray's actions at all times alleged in this paragraph.

38. In response to ¶ 38 of Plaintiffs' [1] Complaint, Defendants admit that Defendant Black notified Defendant Bridges immediately upon observing Ray's suicide attempt. Except where otherwise specifically admitted herein, the allegations in ¶ 38 of the [1] Complaint are denied.

39. In response to ¶ 39 of Plaintiffs' [1] Complaint, Defendants admit that Defendant Black called for a medical emergency in Pod 214. Except where otherwise specifically admitted herein, the allegations in ¶ 39 of the [1] Complaint are denied.

40. In response to ¶ 40 of Plaintiffs' [1] Complaint, Defendants admit that Defendant Bridges was a shift supervisor and that he attempted to save Ray's life. Except where otherwise specifically admitted herein, the allegations in ¶ 40 of the [1] Complaint are denied.

41. In response to ¶ 41 of Plaintiffs' [1] Complaint, Defendants admit that Defendant Thornton used his pocketknife to cut Ray down. Except where otherwise specifically admitted herein, the allegations in ¶ 41 of the [1] Complaint are denied.

42. In response to ¶ 42 of Plaintiffs' [1] Complaint, Defendants admit that Defendants Franklin, Thornton, and Hildesheim, along with medical personnel, performed CPR on Ray and attempted to save his life. Except where otherwise specifically admitted herein, the allegations in ¶ 42 of the [1] Complaint are denied.

43. In response to ¶ 43 of Plaintiffs' [1] Complaint, Defendants admit that Brandon Fire Department arrived on scene at or around 7:09 PM and Pafford EMTs arrived on scene a short time later. Except where otherwise specifically admitted herein, the allegations in ¶ 43 of the [1] Complaint are denied.

44. Defendants are without specific information or belief to admit or deny the allegations in ¶ 44 of Plaintiffs' [1] Complaint, and accordingly deny same.

45. The allegations in ¶ 45 of Plaintiffs' Complaint are admitted.

46. The allegations in ¶ 46 of Plaintiffs' Complaint are denied.

47. In response to ¶ 47 of Plaintiffs' [1] Complaint, Defendants admit that reporting from Defendants Bridges, Thornton, Black, Franklin, and Thornton do not reference an earlier suicide attempt. These Defendants specifically deny that they were aware of an earlier suicide attempt. Except where otherwise specifically admitted herein, the allegations in ¶ 47 of the [1] Complaint are denied.

48. The allegations in ¶ 48 of Plaintiffs' Complaint are denied.

49. Defendants are without specific information or belief to admit or deny the allegations in ¶ 49 of Plaintiffs' [1] Complaint, and accordingly deny same.

50. In response to ¶ 50 of Plaintiffs' [1] Complaint, Defendants admit that Ray's next of kin was contacted. Except where otherwise specifically admitted herein, the allegations in ¶ 50 of the [1] Complaint are denied.

51. The allegations in ¶ 51 of Plaintiffs' Complaint are denied.

52. The allegations in ¶ 52 of Plaintiffs' Complaint are denied.

53. The allegations in ¶ 53 of Plaintiffs' Complaint are denied.

54. In response to ¶ 54 of Plaintiffs' [1] Complaint, Defendants admit that Sheriff Bailey is the final policymaker for the Rankin County Sheriff's Department, including the Rankin County ADC. Except where otherwise specifically admitted herein, the allegations in ¶ 54 of the [1] Complaint are denied.

55. The allegations in ¶ 55 of Plaintiffs' Complaint are denied.

56. In response to ¶ 56 of Plaintiffs' [1] Complaint, Defendants admit that Ray departed this life on or around November 10, 2020. Except where otherwise specifically admitted herein, the allegations in ¶ 56 of the [1] Complaint are denied.

57. The allegations in ¶ 57 of Plaintiffs' Complaint are denied.

58. The allegations in ¶ 58 of Plaintiffs' Complaint are denied.

59. The allegations in ¶ 59 of Plaintiffs' Complaint are denied.

60. The allegations in ¶ 60 of Plaintiffs' Complaint are denied.

61. The allegations in ¶ 61 of Plaintiffs' Complaint are denied.

62. The allegations in ¶ 62 of Plaintiffs' Complaint are denied.

63. In response to ¶ 63 of Plaintiffs' [1] Complaint, Defendants admit that all individual capacity Defendants were employees and/or elected officials of Rankin County and were acting within the course and scope of their employment. Except where otherwise specifically admitted herein, the allegations in ¶ 63 of the [1] Complaint are denied.

64. The allegations in ¶ 64 of Plaintiffs' Complaint are denied.

65. The allegations in ¶ 65 of Plaintiffs' Complaint are denied.

66. The allegations in ¶ 66 of Plaintiffs' Complaint are denied.

67. The allegations in ¶ 67 of Plaintiffs' Complaint are denied.

68. The allegations in ¶ 68 of Plaintiffs' Complaint are denied.

69. The allegations in ¶ 69 of Plaintiffs' Complaint are denied.

70. The allegations in ¶ 70 of Plaintiffs' Complaint are denied.

PRAYER

71. Defendants deny any and all allegations in ¶ 71 of Plaintiffs' [1] Complaint, including but not limited to subsections and/or subparagraphs (a.) through (h.). Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, actual, compensatory, incidental, and/or consequential damages, or of any kind or quantum whatsoever. Defendants deny that Plaintiffs are entitled to attorneys' fees, interest, and/or costs and would affirmatively show that Plaintiffs have no legal right to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiffs' [1] Complaint, and having denied any and all liability herein, Rankin County, Mississippi and Bryan Bailey, Amanda Thompson, Joshua Bridges, Mason Black, Johnathan Franklin, Tommy Hildesheim, and Patrick Thornton, in their individual capacities, set forth the following Special Affirmative Matters:

**FIRST AFFIRMATIVE DEFENSE**

The individual capacity Defendants – *i.e.*, Bailey, Thompson, Bridges, Black, Franklin, Hildesheim, and Thornton – are entitled to qualified immunity from suit and/or liability

herein. All Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to governmental or state actors.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' [1] Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 or pursuant to the MTCA or any state law claims, Plaintiffs' [1] Complaint fails to state a claim upon which relief can be granted against Defendants and should be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith reliance upon then existent law and are therefore entitled to immunity or a special good faith defense.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to, the one-year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35 and / or MISS. CODE ANN. § 11-46-11, and the three-year statute of limitations pursuant to MISS. CODE ANN. § 15-1-49.

## FIFTH AFFIRMATIVE DEFENSE

At all times complained of, Defendants acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

## SIXTH AFFIRMATIVE DEFENSE

Defendants possess immunity to Plaintiffs and specifically assert all rights, defenses, privileges, and immunities available unto them under applicable state and federal law.

Further, Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent, if any, Plaintiffs' [1] Complaint purports to state a cause of action against Defendants based upon any state law theory, these Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' [1] Complaint, with amendments, if any, seeks an award or assessment of punitive damages against the individual capacity Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly

vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## NINTH AFFIRMATIVE DEFENSE

Ray suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

## TENTH AFFIRMATIVE DEFENSE

Alternatively, any damage, loss, or deprivation to Plaintiffs and/or Ray, if any, was not proximately caused by any official policy, practice, or custom of Rankin County. Plaintiffs' alleged losses, damages, and/or deprivations were not the proximate result of the execution of any official governmental policy, custom, or practice attributable to any of the Defendants or to their employer.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiffs' [1] Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Ray, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## TWELFTH AFFIRMATIVE DEFENSE

No action or inaction on the part of Defendants proximately caused any harm, loss, or deprivation to Plaintiffs and/or Ray. At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, Defendants' conduct, performed in good faith, did not violate clearly established rights of

which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiffs' allegations do not rise to the level of a constitutional tort.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants fulfilled any and all legal duties owed by them to Plaintiffs and/or Ray.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants complied with all applicable standards of care.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the requirements of the Mississippi Tort Claims Act ("MTCA"), and accordingly, any and all state law claims must be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants invoke and assert all protections, defenses, limitations, and caps set forth in the MTCA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Ray is guilty of comparative fault and Plaintiffs' recovery, if any, must be limited accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations, and waiver.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses, and/or injuries, if any, are the proximate result of Ray's actions and/or omissions, or those of other persons for whom Defendants are neither

liable nor responsible. Plaintiffs' recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' [1] Complaint fails to specifically and/or appropriately plead that they are entitled to relief against some or all of the Defendants pursuant to FED. R. CIV. P. 8, and accordingly, the [1] Complaint should be dismissed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants are entitled to sovereign immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11-46-9.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants cannot be held liable for any § 1983 claims under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants have no liability to Plaintiffs pursuant to 42 U.S.C. § 1988 as Plaintiffs are not possessed of a cognizable claim pursuant to § 1983. Defendants, however, are entitled to attorneys' fees pursuant to § 1988 or otherwise, as some or all of Plaintiffs' claims are unreasonable, groundless, and/or brought in bad faith. Defendants, further, are entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiffs.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants are not guilty of conduct amounting to deliberate indifference to the rights of Ray.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Rankin County, Mississippi and Bryan Bailey, Amanda Thompson, Joshua Bridges, Mason Black, Johnathan Franklin, Tommy Hildesheim, and Patrick Thornton, in their individual capacities, deny that Plaintiffs are entitled to any relief whatsoever, and respectfully request Plaintiffs' [1] Complaint and this civil action be dismissed with prejudice, with all costs and attorneys' fees assessed against Plaintiffs pursuant to 42 U.S.C. § 1988, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 19th day of March, 2024.

> **RANKIN COUNTY, BRYAN BAILEY, AMANDA THOMPSON, JOSHUA BRIDGES, MASON BLACK, JOHNATHAN FRANKLIN, TOMMY HILDESHEIM, AND PATRICK THORNTON –** 
> **DEFENDANTS**
>
> **BY:** _/s/ Jason E. Dare_
> **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone: (601) 987-5307
Facsimile: (601) 987-5307