IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KATIE FONDREN CARSON, as Administratrix**                  **PLAINTIFFS**
**of the Estate of Brian Christopher Ray, et al.**

**v.**                                                                       **CAUSE NO. 3:23cv3063-HTW-LGI**

**RANKIN COUNTY, et al.**                                                   **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
RANKIN COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOW COME** Defendant Rankin County, Mississippi, and in support of its Motion for Judgment on the Pleadings states as follows:

I.    **INTRODUCTION**

Plaintiffs' [1] Complaint was filed on November 7, 2023, in which they allege federal § 1983 claims[1] that the Fourteenth Amendment rights of Chris Ray ("Ray") were violated when he attempted suicide as a pretrial detainee in the Rankin County Adult Detention Center ("Rankin ADC") on November 8, 2020, and died on November 10, 2020. Per the following, Rankin County submits that there are no facially plausible claims against it as alleged in the [1] Complaint and seeks judgment in its favor as a matter of law.

II.    **STATEMENT OF FACTS**

To the extent found in Plaintiffs' [1] Complaint, this Defendant incorporates herein by reference the general *Statement of Facts* contained in Sheriff Bailey's [15] Memorandum of Authorities.

---

[1] Plaintiffs do not allege any state law claims on the face of their Complaint. To the extent any state law claims are alleged against Rankin County, same would be barred by the inmate exemption (Miss. Code Ann. § 11-46-9(1)(m)) and/or the one-year statute of limitations. Miss. Code Ann. § 11-46-11.

III. **LEGAL PRECEDENT AND ANALYSIS**

A. <u>**Rule 12(c) Standard of Review**</u>

The standard under Rule 12(c) and Rule 12(b)(6) are "the same". *Vardeman v. City of Houston*, 55 F.4th 1045, 1049 (5th Cir. 2022). Where a complaint fails to contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" dismissal under Rule 12(c) is warranted. *Id.*, at 1050 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Accordingly, the Court cannot accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79.

B. <u>**There are no facially plausible *Monell* claims against Rankin County**</u>.

For Rankin County to be liable under § 1983, Plaintiffs must plead and prove that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021) (citation omitted). The third element requires a showing "either that 'the policy itself was unconstitutional' or that '[the policy] was adopted with deliberate indifference to the known or obvious fact' that a specific constitutional violation would follow." *Edwards v. City of Balch Springs*, 70 F.4th 302, 307 (5th Cir. 2023) (citation omitted). The third element also requires a violation of a constitutional right, without which no *Monell* claim can exist. *Grisham v. Valenciano*, 93 F.4th 903, 912 (5th Cir. 2024) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

"[R]ecovery from a municipality is limited to acts that are, properly speaking, acts of the municipality - that is, acts which the municipality has *officially sanctioned or ordered*." *Edwards*, 70 F.4th at 309 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)) (emphasis in original). Under the *Monell* framework, "isolated unconstitutional actions by municipal employees will almost never trigger liability", which is why courts have consistently and "roundly rejected municipal liability based on a theory of respondeat superior." *Harris v. Jackson County*, 684 F. App'x 459, 463 (5th Cir. 2017) (citations omitted). Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Id.*; *see also Jackson v. City of Hearne*, 959 F.3d 194, 204 (5th Cir. 2020).

Plaintiffs' § 1983 claim against Rankin County can be brought as either an episodic act or omission claim[2] or alternatively, as a condition of confinement claim.[3] Plaintiffs do not clearly identify which of these claims they allege in their [1] Complaint, and accordingly, Rankin County addresses both. Should the Court agree that Ray's Fourteenth Amendment rights were not violated, then dismissal is proper and it need not address any *Monell* claim further.

    1.    <u>Episodic Act or Omission Claim</u>

---

[2] This claim is where "an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission," *Chipley v. Yazoo County*, No. 3:16cv901-TSL-RHW, 2018 U.S. Dist. LEXIS 241479, at *19 (S.D. Miss. Oct. 23, 2018) (quoting *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009)).

[3] Where a plaintiff "attempts to demonstrate a longstanding and pervasive pattern of deficiencies that affects a substantial number of detainees." *Id.* (citing *Edler v. Hockley Cnty. Comm'rs Court*, 589 Fed. Appx. 664, 668 (5th Cir. 2014).

Similar to their allegations against Sheriff Bailey, Plaintiffs allege claims against Rankin County related to a failure to train and/or supervise theory. Under this theory, liability against Rankin County must be predicted on facts demonstrating that "(1) [it] failed to train or supervise the [jailers] involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of [Ray's] rights; and (3) the failure to train or supervise constituted deliberate indifference to [Ray's] constitutional rights." *Edwards*, 70 F.4th at 312.

Pleading deliberate indifference for *Monell* liability is difficult, with the Fifth Circuit describing the standard as follows:

> "To show deliberate indifference, a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees." [citation omitted] "A pattern requires *similarity and specificity*; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." [citation omitted] Because deliberate indifference typically requires a pattern, "we have stressed that a single incident is usually insufficient to demonstrate deliberate indifference." [citation omitted] The "'single incident exception' is extremely narrow," [citation omitted] and as an exception to the pattern requirement, it "is generally reserved for those cases in which the government actor was provided no training whatsoever."

*Edwards*, 70 F.4th at 312-13 (emphasis in original).

A failure to train or supervise theory "is a 'notoriously difficult theory on which to base a *Monell* claim[.]'" *Deleon v. Nueces County*, No. 23-40004, 2023 U.S. App. LEXIS 17523, at *4 (5th Cir. July 11, 2023) (quoting *Allen v. Hays*, 63 F.4th 307, *withdrawn and superseded on denial of panel reh'g*, 65 F.4th 736, 749 (5th Cir. 2023). Plaintiffs "must demonstrate that 'in light of the duties assigned to specific officers…, the need for more or different training [or supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.'" *Id.* "[I]solated unconstitutional actions by municipal employees will

4

almost never trigger liability." *Harris*, 684 F. App'x at 463 (quoting *Piotrowski*, 237 F.3d at 578).

There are no allegations in the [1] Complaint related to any other successful suicide at the Rankin ADC. Moreover, the suicide prevention policies and procedures of the Rankin ADC were attached to Sheriff Bailey's motion for summary judgment and may be considered by the Court without converting the instant motion to one for summary judgment.[4] With there being no other incidents of successful suicide alleged in the [1] Complaint and with facially constitutional policies and procedure, there is no basis for *Monell* liability against Rankin County under an episodic act or omission claim.

2. Condition of Confinement Claim

Plaintiffs cannot point to a specific policy or procedure that allegedly violated Ray's Fourteenth Amendment rights. Accordingly, they are required to plead and prove "an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'" *Chipley*, 2018 U.S. Dist. LEXIS 241479, at *25 (quoting *Shepherd*, 591 F.3d at 452). "[T]o establish a pattern, '[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question.'" *Vardeman*, 55 F.4th at 1052 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

---

[4] The policies and procedures are specifically referenced in Plaintiffs' [1] Complaint, are "integral and central to [Plaintiffs'] claim" against Rankin County, and Plaintiffs were in possession of the policies and procedures for a over a year prior to filing suit. *Raybourne & Dean Consulting, Ltd. v. Metrica, Inc.*, No. SA-14-CA-918-OLG, 2015 U.S. Dist. LEXIS 184153, at *20 (W.D. Tex. Aug. 11, 2015) (collection of cases).

Again, Plaintiffs fail to point to any specific instances of prior Fourteenth Amendment violations resulting in a successful suicide at the Rankin ADC. There are no allegations in the [1] Complaint that any specific condition of the Rankin ADC resulted in Ray's suicide. For these reasons, any and all § 1983 claims against Rankin County should be dismissed.

IV.   **CONCLUSION**

Plaintiffs fail to plead a *Monell* claim against Rankin County and this Defendant is immune from liability for any and all state law claims. For all of the reasons herein, Rankin County respectfully requests that it be granted judgment on the pleadings pursuant to Rule 12(c) on any and all federal and/or state law claims against it.

**RESPECTFULLY SUBMITTED,** this 10th day of May, 2024.

                                              **RANKIN COUNTY, MS - DEFENDANT**

                            **BY:**   */s/ Jason E. Dare*
                                       **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 987-5307
Facsimile:   (601) 987-5307