IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATIE FONDREN CARSON, as Administratrix
of the Estate of Brian Christopher Ray, ET AL.                    PLAINTIFFS

VERSUS                                            NO. 3:23CV3063-HTW-LGI

RANKIN COUNTY, MISSISSIPPI, ET AL.                               DEFENDANTS

SUPPLEMENT TO MOTION TO EXTEND QUALIFIED
IMMUNITY DISCOVERY AND RESPONSE DEADLINES

COME NOW the plaintiffs, by and through counsel of record, and file their Supplement to Motion [Doc. 30] to Extend Qualified Immunity Discovery and Response Deadlines. For cause, the plaintiffs show the Court as follows:

1. By Order [Doc. 31] the Court directed the parties to address excusable neglect as it pertains to the agreed Motion [Doc. 30] to Extend Qualified Immunity and Response Deadlines.

2. In advance of submitting an agreed order seeking to extend the qualified immunity discovery and response deadlines to the Court, on October 8, 2024, the undersigned counsel for the plaintiffs e-mailed counsel for the defendants for the purpose of conferring and submitting a proposed agreed order. (Exh. "A.")

3. At the time, counsel for the Plaintiffs, was in Miami, Florida attending to a matter related to his mother's estate.

4. On October 10, 2024, counsel for the Plaintiffs e-mailed counsel for the

defendants again seeking to the confer on an agreed extension of the deadlines and the agreed order.  (Id.)

5.  That day, counsel for the defendants responded to counsel for the plaintiffs by e-mail.  Counsel for the defendants noted his busy schedule and agreed the deadlines in this civil action needed to be extended and an agreed order should be submitted to the Court.  (Id.)

6.  On October 11, 2024, counsel for the plaintiffs e-mailed counsel for the defendants a proposed agreed order for approval.  (Exh. "B.")

7.  Counsel for the defendants approved the agreed order and authorized the affixing of his e-signature and the forwarding of the agreed order to the Court.  (Id.)

8.  On October 11, 2024, counsel for the plaintiffs e-mailed the proposed agreed order to the Court, requesting its entry and requesting the Court advise the parties if anything more was required, including a conference call with the Court.  (Exh. "C.")

9.  The proposed agreed order sought to extend discovery to November 22, 2004; extend the response deadline to December 6, 2024, and extend the reply deadline to December 13, 2024.  (Exh. "D.")

10.  On November 5, 2024, counsel for the plaintiffs e-mailed counsel for the defendants requesting to confer regarding the fact that no action had been taken by the Court on the proposed agreed order.  (Exh. "E.")

11. Conferring by e-mail that day, the parties agreed that counsel for the plaintiffs would contact the Court directly to make inquiry regarding the status of the proposed agreed order submitted on October 11, 2024. (Id.)

12. On November 6, 2024, counsel for the plaintiffs called the Court's Chambers to make inquiry regarding the proposed agreed order. Counsel for the plaintiffs advised Chambers that a proposed agreed order had been e-mailed to Chambers on October 11, 2024, and confirmed the time and date the e-mail was sent and that it was sent to the correct e-mail address.

13. Counsel for the plaintiffs was advised that the e-mail did not appear to have been received by Chambers and was asked to e-mail the proposed agreed order again.

14. Counsel for the plaintiffs agreed to do so and forwarded the original e-mail and attachments sent on October 11, 2024 to Chambers, as proof the original e-mail had been sent. (Exh. "F.")

15. After re-sending the e-mail and while on the phone with Chambers, counsel for the plaintiffs asked if anything else would be required. Counsel for the plaintiffs was advised by Chambers the proposed agreed order would be presented to the Court and counsel would be advised if anything else was needed or required.

16. Counsel later received a confirmation from Chambers that the e-mail was received. (Id.)

17. Having received no word from the Court, on December 3, 2024, counsel for the plaintiffs and counsel for the defendants conferred by telephone regarding the continuing difficulty in completing discovery and the fact that no action had been taken on the proposed agreed order. Counsel for the plaintiffs agreed to prepare an agreed motion and an agreed order seeking an extension of the deadlines and to forward it to counsel for the defendants for approval.

18. On December 5, 2024, counsel for the plaintiffs e-mailed a proposed agreed motion and agreed order to counsel for the defendants. (Exh. "G.")

19. On December 9, 2024, counsel for the defendants e-mailed counsel for the plaintiffs and gave his approval for the filing of the agreed motion and the forwarding of the proposed agreed order to the Court. (Id.)

20. Counsel for the plaintiffs filed the agreed motion and forwarded the proposed agreed order to the Court that day. (Exh. "H.")

21. The Court, in its discretion, may grant an out of time request for an extension of time based on a showing of good cause and excusable neglect. Fed. R. Civ. P 6(b)(1)(B).

22. In assessing this motion for an out of time extension, the Court may consider several relevant factors on the question of excusable neglect, including: (1) the danger of prejudice to the non-movant; (2) the length of delay and its impact on the judicial

proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Adams v. Travelers Indem. Co., 465 F.3d 156, 161 n.8 (5th Cir. 2006) (citing Farina v. Mission Inv. Trust, 615 F.2d 1068, 1076 (5th Cir.1980); Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395-97 (1993)).

23. The term excusable neglect, "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Serv. Co., 507 U.S. at 394. In balancing the factors considered in assessing excusable neglect for an untimely filing, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395.

24. Assessing the first factor, prejudice to the non-movant, the submission of the proposed agreed order on October 11, 2024 and the subsequent filing of the agreed Motion to Extend Qualified Immunity Discovery and Responses did not prejudice the defendants as counsel for the parties worked cooperatively and jointly in seeking the requested extensions to the deadlines. This factor favors granting the relief requested.

25. The second factor, length of delay and its impact on the judicial proceedings, also favors granting the relief requested in this motion.

    a. Although the pending motion was filed after the expiration of the existing deadlines, the proposed agreed order was forwarded to the Court on October

11, 2024, within the existing deadlines.

      b. When the proposed agreed order was resubmitted, to the Court on November 6, 2024, it was seven days outside of the existing deadlines.

      c. Having been advised the resubmitted proposed agreed order would be presented to the Court, the parties waited for a reasonable period of time for action to be taken on the proposed agreed order or for the Court to advise that some other action would be required.

      d. On December 10, 2024, when this motion was filed, it was forty-two days outside of the existing deadlines, but, notably, the proposed agreed order had been e-mailed to the Court on October 11, 2024, and resubmitted on November 6, 2024.

      e. Had action been taken on the proposed agreed order or the parties were notified it was deficient, the pending motion would either be within the deadlines set forth in the proposed agreed order or the parties would have acted immediately to cure the proposed agreed order through a motion or otherwise.

      f. At present, no Case Management Order is in effect and no pretrial conference or trial dates are calendared in this matter. Granting this motion will not impact other deadlines or the trial.

26. The third factor, reason for the delay, also favors granting the relief requested.

      a. After conferring, the parties submitted a proposed agreed order seeking to extend deadlines on October 11, 2024.

      b. On November 6, 2024, when no action of record was taken with respect to the proposed agreed order, the parties, within the time limits set forth in the proposed agreed order, acted with diligence to contact Chambers directly in order to ascertain the status of the proposed agreed order.

      c. When advised the proposed agreed order had not been received by the Court, the parties immediately forwarded the original e-mail with the proposed agreed order and were advised the proposed agreed order would be provided to the Court and they would be notified if anything more was required.

      d. When no action of record was taken with regard to the proposed agreed order, the parties filed the pending motion in an effort to fully address this matter to promote the advancement of this matter.

      e. The untimely filing was not the result of habitual tardiness and at all times the parties anticipated in good faith that some action would be taken on the proposed agreed order.

27. The fourth factor, whether the movant acted in good faith, also favors granting the relief requested in this motion. The parties at all times acted throughout the course of this matter with the utmost good faith towards each other and the Court.

The parties completed written discovery and took multiple depositions. Scheduling issues and factors outside of the control of the parties and their counsel necessitated the requested extensions of time. The untimely filing resulted, ast least in part, from normal and understandable human-machine interaction and occurred in good faith.

28. In assessing any negligence which may be attributable to counsel for the untimely filing and considering all of the circumstances, a balancing of the factors identified in Pioneer Inv. Serv. Co. augers in favor of a finding of excusable neglect and justifies granting this motion and allowing the requested extensions of time.

29. As noted in the agreed motion, the motion is not being submitted for purposes of delay or harassment but to further the ends of justice.

30. No party will be prejudiced by the Court granting this requested extension of time.

31. Counsel for the plaintiffs has conferred with counsel for the defendants regarding this supplement, the averments within it, and the relief requested, and has been advised that there is no objection to this supplement, the motion, or the relief requested.

32. Counsel for the plaintiffs requests to be relieved from the obligation of filing a supporting memorandum of authorities.

33. In support of this supplement, plaintiffs rely the following evidentiary

materials:

    a. E-mail exchange between counsel regarding proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, October 8-10, 2024, attached hereto as Exhibit "A;"

    b. E-mail exchange between counsel regarding proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, October 11, 2024, attached hereto as Exhibit "B;"

    c. E-mail to Court with proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, October 11, 2024, attached hereto as Exhibit "C;"

    d. Proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, attached hereto as Exhibit "D;"

    e. E-mail exchange between counsel regarding no action taken on the proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, November 5, 2024, attached hereto as Exhibit "E;"

    f. E-mail to Court with forwarded e-mail and proposed Agreed Order Extending Qualified Immunity Discovery and Response Deadlines, November 6, 2024, attached hereto as Exhibit "F;"

    g. E-mail exchange between counsel regarding filing Motion to Extend

9

Qualified Immunity Discovery and Response Deadlines and proposed agreed order, December 5-9, 2024, attached hereto as Exhibit "G;"

    h.  E-mail to Court with proposed Agreed Order Granting Motion to Extend Qualified Immunity Discovery and Response Deadlines, December 9, 2024, attached hereto as Exhibit "H;"

WHEREFORE, PREMISES CONSIDERED, the parties request an out of time extension of the deadlines in this civil action to complete qualified immunity discovery and briefing, as set forth in the proposed agreed order submitted to the Court

    Respectfully submitted, this the 20th day of December, 2024.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / E-mail

Charles R. "Chuck" Mullins, Esq.
Mullins Law
1146 Lyncrest Avenue
Jackson, Mississippi 39202
769.216.8373 / Telephone
chuck@chuckmullinslaw.com

10

Courtney Sanders, Esq.
Coxwell & Associates
500 North State Street
Jackson, Mississippi 39201
601.948.1600 / Telephone
601.948.7097 / Facsimile
courtneys@coxwelllaw.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jason E. Dare, Esq.
Biggs, Ingram & Solop
Post Office Box 14028
Jackson, Mississippi 39236
jdare@bislawyers.com

Charles R. "Chuck" Mullins, Esq.
Mullins Law
1146 Lyncrest Avenue
Jackson, Mississippi 39202
chuck@chuckmullinslaw.com

Courtney Sanders, Esq.
Coxwell & Mullins
500 North State Street
Jackson, Mississippi 39201
courtneys@coxwelllaw.com

This the 20th day of December, 2024.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS